**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **BRYAN CLAY** | **CIVIL ACTION NO. 09-258-P** |
| **VERSUS** | **JUDGE STAGG** |
| **SGT. BLAIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

Bryan Clay ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Sgt. Blain and J. Goodwin. He claims Sgt. Blain verbally assaulted, degraded, cursed and threatened him. He further claims Sgt. Blain spit on him and his cell floor.

Plaintiff filed an "Additional Complaint"(Doc. 4) and an "Additional Complaint Letter #2" (Doc. 5). He asks that the court enjoin prison officials from harassing him and issuing false discipline reports which have resulted in the loss of good time credits. Plaintiff claims prison officials have targeted him because he filed this civil action against Sgt. Blain and J. Goodwin. As relief, Plaintiff seeks a restraining order.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

In the instant case, Plaintiff has failed to meet the requirements set forth above. The allegations in these motions do not present a substantial likelihood of success on the merits. Plaintiff has not exhausted his administrative remedies regarding these allegations. The allegations in these motions do not present a substantial threat of irreparable injury absent an injunction and/or restraining order. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction and/or restraining order. The issuance of such extraordinary relief is not, however, appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the "Additional Complaint" (Doc. 4) and the "Additional Complaint Letter #2" (Doc. 5) be **DENIED**. If Plaintiff wishes to pursue his

claims alleged in these additional complaints, he can file a new civil rights complaint in this Court after exhausting his administrative remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 27th day of May, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE